The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| TRINA RENEE MORRIS, | ) |
| | ) CASE NO. 11-60657 |
| Debtor. | ) |
| | ) ADV. NO. 11-6049 |
| FEDERAL INSURANCE COMPANY et al., | ) |
| | ) |
| Plaintiffs, | ) JUDGE RUSS KENDIG |
| | ) |
| v. | ) |
| | ) |
| TRINA RENEE MORRIS and ANDY C. MORRIS, JR., | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| Defendants. | ) |

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

On June 8, 2011, plaintiffs filed a six-count complaint against debtor-defendant Trina Renee Morris ("Ms. Morris") and non-debtor defendant Andy C. Morris, Jr. ("Mr. Morris"). On July 26, 2011, Mr. Morris filed a motion to dismiss. On August 2, 2011, plaintiffs filed a brief in opposition to the motion to dismiss. On August 4, 2011, Mr. Morris filed a reply memorandum. On August 19, 2011, the court entered an agreed order settling this litigation as to Trina Renee Morris only. On August 29, 2011, Mr. Morris filed a Supplemental Motion to Dismiss. Therefore, the court now considers the motion to dismiss with regard to the remaining defendant, Mr. Morris.

## LAW AND ARGUMENT

### A. Counts II and III

Counts II and III are based exclusively on the conduct of Ms. Morris and make no mention whatsoever of Mr. Morris. Plaintiffs, in their brief, do not dispute that Counts II and III do not allege claims against Mr. Morris. Accordingly, Counts II and III are dismissed as to Mr. Morris.

### B. Counts I and IV

Count I alleges that Mr. Morris converted a total of $97,387.51 and seeks damages of $97,387.51. Count IV also seeks damages in the amount of $97,387.51 under the theory of unjust enrichment. Although subject matter jurisdiction is not argued in the motion to dismiss, the court has a duty to enforce the limits on its subject matter jurisdiction *sua sponte*. The court concludes that both counts must be dismissed because the court lacks subject matter jurisdiction.

The court's subject matter jurisdiction over non-debtors is determined solely by 28 U.S.C. § 1334. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1140 (6th Cir. 1991). Section 1334 lists four types of matters over which the court has jurisdiction: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11 and (4) proceedings related to a case under title 11. The first type of matter, "cases under title 11," refers to the filing of the bankruptcy petition. Id. at 1141. The remaining three types of matters operate in combination to define the scope of bankruptcy jurisdiction. "Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." Id.

The Sixth Circuit has adopted the following test to determine whether a matter is "related to" the bankruptcy:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related

to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Id. at 1142 (quoting In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original)).

Counts I and IV are claims seeking damages by one non-debtor against another non-debtor. Plaintiffs have made no showing that these claims will impact upon the handling and administration of the bankrupt estate. As such, there is no possibility that these claims will affect the debtor's estate. Accordingly, Counts I and IV are dismissed as to Mr. Morris.

*C. Counts V and VI*

Counts V and VI seek to avoid alleged fraudulent transfers and voidable preferences under 11 U.S.C. § 547(b)(1), (2), (3), (4), and (5). Count V references the transfer of five parcels of real property from Ms. Morris to Mr. Morris pursuant to the Separation Agreement entered into by the defendants during their divorce proceeding. Count VI references the provision of the Separation Agreement that granted Mr. Morris sole ownership of CM Concrete without any consideration for Ms. Morris's marital interest in the business.

Mr. Morris argues that Counts V and VI are claims of the estate that only the trustee can pursue and that the plaintiffs in the instant case lack standing to pursue these claims. Plaintiffs argue that while § 547 provides the trustee with the right to pursue recovery on behalf of the estate, it does not provide only the trustee with the sole right to pursue recovery.

Section 547(b) provides that "the trustee may avoid any transfer" that is alleged to be fraudulent. By its simple language, § 547 provides the trustee with the right to pursue claims under this section. In re Norwalk Furniture Corp., 428 B.R. 419, 425 (Bankr. N.D. Ohio 2009); In re Zwirn, 362 B.R. 536, 541 (Bankr. S.D. Fla. 2007). The Sixth Circuit Court of Appeals expanded the interpretation of § 547 to allow a debtor-in-possession in a chapter 11 case to bring an avoidance action. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re Gibson Grp.), 66 F.3d 1436, 1438 (6th Cir. 1995); accord In re The V Cos., 292 B.R. 290, 294, 298 (B.A.P. 6th Cir. 2003) (finding that the Supreme Court's decision in Hartford Underwriter's Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1 (2000) (administrative claimant does not have independent standing to bring § 506 claim) did not vacate the Sixth Circuit's holding in Gibson Grp.).[1]

In addition, a bankruptcy court may permit a creditor to initiate an avoidance action in a chapter 11 case if certain conditions are met, including if the debtor-in-possession refuses a demand to file such an action. Gibson Grp., 66 F.3d at 1438; The V Cos., 292 B.R. at 294, 298. The justifications to allow a creditor to bring an avoidance action in a chapter 11 case are based

---

[1] A debtor operating under Chapter 12, having the powers of a trustee, is also entitled to bring an avoidance action under § 547. In re Miller, 428 B.R. 437, 446 (Bankr. N.D. Ohio 2010) (citing 11 U.S.C. § 1203).

upon situations where the debtor-in-possession, acting as the trustee, refuses to bring the avoidance action. *See* Gibson Grp., 66 F.3d at 1438 (requiring that the creditor has made a demand on the debtor-in-possession to file the avoidance action, the debtor-in-possession refuses the demand to bring an avoidance action after the creditor has alleged a colorable claim that would benefit the estate, and the refusal is unjustified).

These justifications do not arise in the chapter 7 context. The chapter 7 trustee has exclusive standing to prosecute or settle avoidance actions for the purpose of orderly administration of the bankruptcy estate. Zwirn, 362 B.R. at 541. Chapter 7 trustees must evaluate the bankruptcy estate and bring the actions that are cost effective and beneficial to the estate, as well as viable. Id. If creditors are allowed to bring avoidance actions, there is a risk of the creditor acting in its own interest, not that of the estate, as well as exposing the court to multiple lawsuits by individual creditors. Id.

In the instant case, the chapter 7 trustee is the party vested with the standing to bring an avoidance action. The justifications to allow a creditor to bring an avoidance action do not arise in the instant matter. This court finds that the plaintiffs do not have standing to bring these claims.

Plaintiffs argue that if the trustee elects not to pursue such an action, it is the plaintiffs' right to pursue the claims on behalf of the bankruptcy estate. Even if this court were to consider whether the plaintiffs, as creditors, have standing to bring an avoidance action under Gibson Grp., the potential right may only arise after the plaintiffs met the requirements to bring such an action. Plaintiffs have made no attempt to show that the requirements have been met.

Further, Mr. Morris presented, in his supplemental motion to dismiss, a letter from the chapter 7 trustee indicating that the trustee is aware of the alleged avoidance actions and plans to either resolve the matter informally or proceed accordingly. Based on this information, it appears to the court that plaintiffs cannot meet the requirements set forth in Gibson Grp.

Based on the foregoing, the plaintiffs do not have standing to pursue the avoidance actions. Accordingly, Counts V and VI are dismissed as to Mr. Morris.

## CONCLUSION

Following from the above, this court finds that all counts set forth in the plaintiffs' complaint should be dismissed as to Defendant Andy C. Morris, Jr. Accordingly, Defendant Andy C. Morris, Jr.'s motion to dismiss will be granted by separate order issued concurrently with this opinion.

#   #   #

**Service List:**

Andrew R Kasle
526 Superior Ave., East
Suite 833
Cleveland, OH 44114

Trina Renee Morris
136 Northridge Heights
Howard, OH 43028

Andy C. Morris, Jr.
P.O. Box 41
Killbuck, OH 44637

James M Richard
Richard Law Office, LLC
P.O. Box 1207
127 East Liberty Street
Suite 100
Wooster, OH 44691